# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM CHATTAMS, | : | |
| | | Case No. 3:10cv00291 |
| Petitioner, | : | Case No. 3:09cr0075 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court on Petitioner William Chattams's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 and Memorandum in Support. (Doc. # 46). The matter is before the Court for initial consideration under Rule 4 of the Rules Governing §2255 Motions. The matter has been referred to United States Magistrate Judge pursuant to the General Order of Assignment and Reference.

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2255 Cases, the Court finds that upon examining the Motion and the docket in Case No. 3:09-cr-0075, Petitioner has a pending appeal before the United States Court of Appeals for the Sixth Circuit. That Court has held:

> For substantially the same reasons expressed by the First Circuit

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

> in *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980), we now adopt the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal. See *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); *Jack v. United States,* 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) ("Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending."). An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. *Davis*, 604 F.2d at 484. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary. 604 F.2d at 484-485.

*Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). *Capaldi* continues to be good law and was cited by the Sixth Circuit in *United States v. Ealy*, 2007 U.S. App. LEXIS 22944 (6th Cir. 2007). Because Defendant's direct appeal continues to be pending, the instant Motion under § 2255 should be dismissed without prejudice pending that decision.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #46) be dismissed without prejudice to refiling; and

    2.       The case be terminated on the docket of this Court.

s/ Sharon L. Ovington  
Sharon L. Ovington  
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).